ROCKWELL VS. THE MUTUAL LIFE INSURANCE COMPANY OF
WISCONSIN.

*Life insurance—Renewal of policy after forfeiture— Waiver of condition.*

In an action on a life insurance policy, it appeared from plaintiff's evidence that the assured sent a draft for the amount of the premium after the same was past due, and the company collected the draft; and that its agent wrote to the assured, "As this is past due, it will accord with our rules for you to send us a certificate of good health, and in your case we will be satisfied with your own. You did not instruct us where to send the renewal receipt, and so I have not enclosed it." *Held*, that it is not clear from this evidence that the assured did understand, or could have understood, that his money was received *only on condition* of his furnishing the certificate of good health; and it was error thereupon to nonsuit the plaintiff.

APPEAL from the Circuit Court for *Waukesha* County.
This was an action upon a policy of insurance upon the life

of John S. Rockwell, plaintiff's husband, deceased; and the defense was that the plaintiff had failed to pay the annual premium last preceding the death of her husband, the condition of the policy being that upon such a default in payment it should be forfeited. The plaintiff claimed that the policy had been renewed, the premium having been paid to and received by the company at a subsequent date; while the company claimed that its acceptance of the premium and agreement to renew the policy were conditioned upon its being furnished with a certificate of the good health of the person whose life was insured; which certificate was not furnished. The circuit court nonsuited the plaintiff; and she appealed.

*Gill & Barber*, for appellant, cited *Sheldon v. Ins. Co.*, 25 Conn., 220; *Bouton v. Ins. Co.*, id., 550; *Ky. Mut. Ins. Co. v. Jenks*, 5 Porter (Ind.), 97; *Buckbee v. Ins. Co.*, 18 Barb., 541; *Ruse v. Ins. Co.*, 26 id., 556; *Trustees &c. v. Ins. Co.*, 19 N. Y., 305; *Wing v. Harvey*, 27 Eng. L. & E., 140; *McEwen v. Ins. Co.*, 5 Hill, 101, 147; *Mayer v. Webster*, 18 Wis., 393; *Beal v. Ins. Co.*, 16 id., 241; *Keeler v. Ins. Co.*, id., 523; 2 Parsons on Con., 487.

*Palmer & Hooker*, for respondent, to the point that the policy lapsed on default in payment of the annual premium, cited *Ruse v. Ins. Co.*, 23 N. Y., 516; *Pritchard v. Life Ass. Soc.*, 3 Com. Bench, N. S., 622 (91 E. C. L. 619); *Dalby v. Life Ass. Co.*, 15 Com. Bench, 365, 387 (80 E. C. L., 386); *Tarleton v. Staniforth*, 5 Term, 695; *Salven v. James*, 6 East, 571; *Want v. Blunt*, 12 id., 183; *Mut. Ben. Life Ins. Co. v. Ruse*, 8 Ga., 534; *Acey v. Ins. Co.*, 7 Mees. & Wels., 150; Angell on Ins., p. 420, §§ 343–4, and p. 96, § 51; Phillips on Ins., p. 538, § 592; Ellis & Shaw on Ins., 143–4. 2. Counsel contended that the evidence did not show that the company waived the production of the certificate of health; and to the point that the evidence of such waiver must be clear and satisfactory, they cited *Cornell v. Ins. Co.*, 18 Wis., 387; *Lycoming Co. Mut. Ins. Co. v. Schollenberger*, 44 Pa. St., 259; *Trask v. Ins. Co.*, 29 id.,

198; *Smith v. Ins. Co.*, 1 Allen, 297; *Roumage v. Ins. Co.*, 1 Green (N. J.), 110; *Nash v. Ins. Co.*, 43 Me., 343; *Eastman v. Ins. Co.*, 45 Me., 307; *Edwards v. Ins. Co.*, 3 Gill, 176; *St. Louis Ins. Co. v. Kyle*, 11 Mo., 278; *Inland Ins. Co. v. Stauffer*, 33 Pa. St., 397; *Brewer v. Ins. Co.*, 14 Gray, 203; *Lothrop v. Fire Ins. Co.*, 2 Allen, 82; *Baxter v. Ins. Co.*, 1 id., 294.

DOWNER, J. The only ground on which the nonsuit granted in the court below can be sustained, is that the plaintiff failed to prove an *unconditional* renewal of the policy. October 6th, 1862, the company received the note of the assured, and John S. Rockwell's draft payable at the Summit Bank, on which the *Insurance Company* received the money. The money and note, if received unconditionally, it is admitted, would have renewed the policy and continued it in force until after the death of Rockwell. It is contended that the plaintiffs proved that they were received only upon condition that Rockwell was then in good health. All the evidence of such *condition* is in the letter of the secretary of the company to Mr. Rockwell, in which, after acknowledging the receipt of the note and draft to pay the annual premium on the policy, he says: " As this is past due, it will accord with our rules for you to send us a certificate of good health, and in your case we will be satisfied with your own. You did not instruct me where to send the renewal receipt, and so I have not enclosed it." The closing sentence, about sending the renewal receipt, must be regarded as equivalent to saying that it would have been sent if the secretary had known where to send it; and that, too, notwithstanding there was no proof that Mr. Rockwell was then in good health.

It may be said that such renewal receipt, if it had then been sent without the certificate of health, would have been a certificate renewing the policy only on the condition that Mr. Rockwell was then in good health. The rule of the company, if rule there be, is not before us, and we are not informed of

the *terms* of that rule; whether it is that no renewal at all shall be made unless the proof of good health is first made, or whether the renewal may be conditional, or whether it is discretionary with the secretary or officers of the corporation to insist upon the proof or not just as they may please. But the question is, whether it is certain from the evidence that Mr. Rockwell must have understood and did understand, if he exercised ordinary care, that the money and note were received *conditionally.* For if no such information was given him, the policy was renewed by the company's receiving his money and the note. There is nothing in the evidence to the effect that they would be returned, or held subject to the order of Mr. Rockwell, if the certificate of good heath was not forthcoming. But there is an intimation that the renewal receipt would have been sent without such certificate, if the secretary had known where to send it. The presumption from the evidence is, that the company still retain both money and note, without even having offered to return them. It is not clear to our minds that Mr. Rockwell did or could have understood from the letter that his money was received *only on condition* of his furnishing the certificate of good health. The nonsuit was wrongly granted.

*By the Court.*—The judgment of the circuit court is reversed, and a *venire de novo* awarded.